UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISON

MICHELLE KERBAN,

     Plaintiff,

v.

KOHL'S DEPARTMENT STORES, INC.
and D.H. PACE COMPANY, INC.,
Jointly and Severally,

     Defendants.

Hon.
Mag. Judge
Case No.:

---

Keith W. DeForge (P76935)
Phillip B. Toutant (P72992)
NUMINEN, DEFORGE & MATHIEU, P.C.
105 Meeske Ave.
Marquette, MI 49855
(906) 226-2580
(906) 226-2248
keith@numinenlaw.com
phillip@numinenlaw.com

Thomas G. Cardelli (P31728)
Michele B. Dunsky (P77700)
CARDELLI LANFEAR, P.C.
Attorney for Defendant D.H. Pace
322 W. Lincoln Ave
Royal Oak, MI 48067
(248) 544-1100
(248) 544-1191 Fax
tcardelli@cardellilaw.com
mdunsky@cardellilaw.com

---

## NOTICE OF REMOVAL
## PURSUANT TO 28 USC 1441, 1446 AND FED. R. CIV. P. 81(c)

To:   Court Clerk
      Counsel of Record

     PLEASE TAKE NOTICE that Defendant D.H. Pace Company, Inc.

("Defendant Pace"), through counsel, hereby removes the matter entitled

*Michelle Kerban v Kohl's Department Stores, Inc. and D.H. Pace Company, Inc., jointly and severally*, Case No. 16-54662-NO, currently pending in Marquette County Circuit Court (Hon. Jennifer A. Mazzuchi), to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. §§ 1332, 1441, 1446.  The bases for removal are set forth below.

## BACKGROUND

1.     On or about June 9, 2016, Plaintiff Michelle Kerban ("Plaintiff") filed a complaint in the Marquette County Circuit Court, Case No. 16-54662-NO.  (**Exhibit A** at Plaintiff's Complaint).

2.     Defendants received this Complaint by certified mail to its registered agent on June 21, 2016.

3.     Defendant Pace is filing this Notice of Removal within thirty (30) days of receiving the Complaint, as required by 28 U.S.C. § 1446(b).

4.     As of the date of this Notice of Removal, all documents which have been filed in this matter are included in **Exhibit A**.

## BASIS FOR REMOVAL

5.     There is complete diversity of citizenship between the parties because:

    a. Both at the time of filing the Complaint and at the time of this Notice of Removal, Plaintiff is an individual who is a citizen of the County of Houghton, State of Michigan. (**Exhibit A** at Plaintiff's Complaint ¶ 2).

    b. Both at the time of filing the Complaint and at the time of this Notice of Removal, Defendant Pace is incorporated in Delaware with its principal place of business being Kansas.

    c. Both at the time of filing the Complaint and at the time of this Notice of Removal, Defendant Kohl's Department Stores, Inc. ("Kohl's) is incorporated in Delaware with its principal place of business being Wisconsin.

6.    Counsel for Defendant Pace has communicated with counsel for Defendant Kohl's regarding removal of this action to the United States District Court for the Western District of Michigan.  Counsel for Defendant Kohl's has expressed its consent to, and agreement with, filing this Notice of Removal.

7.    A notice of removal may assert the amount in controversy when a plaintiff's complaint seeks a "money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." 28 U.S.C. § 1446(c)(2)(A).

8.     In Michigan, when a plaintiff does not seek recovery for a sum certain, "a specific [demand for judgment] may not be stated [in the complaint], and the pleading must include allegations that show that the claim is within the jurisdiction of the court." MCR 2.111(B)(2).

9.     Here, Plaintiff's complaint merely alleges damages in excess of the state circuit court jurisdictional minimum: $25,000.00.

10.     Upon information and belief, the amount in controversy in this matter exceeds the diversity jurisdictional minimum of $75,000.00. E.D. Mich. LR 81.1.

11.     Plaintiff alleges severe personal injuries as a result of a fall when a door "equipped with a push-button opener for handicapped use" began to close and caused Plaintiff to fall and strike her head on the ground.   (**Exhibit A** at Plaintiff's Complaint ¶¶ 9, 16).   These injuries include "concussion, subarachnoid hemorrhage, contusions, subdural hematoma, bleeding, repeated seizures and other *sequelae*." *Id.* at ¶ 22. She alleges damages of medical, prescriptive, psychological, nursing, and hospital expenses, pain, suffering, emotional distress, humiliation, fright, depression, loss of enjoyment of life and other damages, all of which are past, present, and future. *Id.* at ¶ 27.

12.     Defendant Pace denies all liability.

13.   The allegations of this notice are true and correct and this cause is within the jurisdiction of the United States District Court for the Western District of Michigan.


Defendant Pace files this notice of removal and removes this civil action to the United States District Court for the Western District of Michigan.   Plaintiff is respectfully notified to proceed no further in state court unless or until the case should be remanded by order of said United States District Court.

Respectfully Submitted:


By: /s/ Thomas G. Cardelli
Thomas G. Cardelli  (P31728)
CARDELLI, LANFEAR P.C.
Attorney for Defendant
322 W. Lincoln
Royal Oak, MI 48067
(248) 544-1100

Date: July 19, 2016

# EXHIBIT A



**CORPORATE CREATIONS®**
Registered Agent • Director • Incorporation

**Corporate Creations Network Inc.**
11380 Prosperity Farms Road #221E, Palm Beach Gardens, FL 33410

June 22, 2016

Kohl's Department Stores, Inc.
Risk Department
Kohl's Corporation - Litigation Department
N56 W17000 Ridgewood Drive
MENOMONEE FALLS WI 53051

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s). **ALL information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or to whom or where to respond, should be directed to the person set forth in line 12 below or to the court or government agency where the matter is being heard.

**Item:** 2016-1850

| | | |
|---|---|---|
| 1. | **Client Entity:** | Kohl's Department Stores, Inc. |
| 2. | **Title of Action:** | Michelle Kerban vs. Kohl's Department Stores, Inc., et al. |
| 3. | **Document(s) Served:** | Summons and Complaint<br>Plaintiff's Complaint<br>Demand for Jury Trial<br>Plaintiff's First Requests for Production of Documents Directed to Defendant Kohl's Department, Etc. |
| 4. | **Court/Agency:** | State of Michigan 25th Judicial Circuit Court |
| 5. | **State Served:** | Michigan |
| 6. | **Case Number:** | 16-54662-NO |
| 7. | **Case Type:** | Premises Liability |
| 8. | **Method of Service:** | Certified Mail |
| 9. | **Date Received:** | Tuesday 6/21/2016 |
| 10. | **Date to Client:** | Wednesday 6/22/2016 |
| 11. | **# Days When Answer Due:** 28<br>**Answer Due Date:** 7/19/2016 | **CAUTION:** Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of service in their records matches the Date Received. |
| 12. | **SOP Sender:**<br>(Name, Address and Phone Number) | Keith W. DeForge<br>Marquette, MI<br>(906) 226-2580 |
| 13. | **Shipped to Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | Not Applicable |
| 15. | **Handled By:** | 231 |
| 16. | **Notes:** | None. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid or effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

11380 Prosperity Farms Road #221E, Palm Beach Gardens, FL 33410 Tel: (561) 694-8107 Fax: (561) 694-1639
www.CorporateCreations.com

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>25th JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS AND COMPLAINT | CASE NO.<br>16- 54662 -NO<br>Hon. Jennifer A. Mazzuchi |
|---|---|---|

| Court address | Court telephone no. |
|---|---|
| 234 W. Baraga Ave., Marquette, MI 49855 | (906) 226-2580 |

| Plaintiff's name(s), address(es), and telephone no(s).<br>Michelle Kerban | v | Defendant's name(s), address(es), and telephone no(s).<br>Kohl's Department Stores, Inc.<br>8175 Creekside Dr. #200<br>Portage, MI 49024 |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no.<br>Keith W. DeForge (P76935)<br>Phillip B. Toutant (P72992)<br>Numinen, DeForge & Mathieu, P.C.<br>105 Meeske Ave., Marquette, MI 49855<br>(906) 226-2580 | | |

**SUMMONS**   **NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued<br>6-9-16 | This summons expires<br>9-8-16 | Court clerk<br>*Tonda K Talsma* |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**COMPLAINT**   *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

**Family Division Cases**

☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**VENUE**

| Plaintiff(s) residence (include city, township, or village)<br>Houghton, Michigan | Defendant(s) residence (include city, township, or village)<br>Portage, Michigan |
|---|---|
| Place where action arose or business conducted<br>Marquette, Michigan | |

06/08/2016
Date                                                  Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

**MC 01** (5/15) **SUMMONS AND COMPLAINT**   MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF MARQUETTE

MICHELLE KERBAN,

        Plaintiff,

    v.

KOHL'S DEPARTMENT STORES, INC.
and D.H. PACE COMPANY, INC.,
Jointly and Severally,

        Defendants.

Case No. 16-          -NO
Hon. Jennifer A. Mazzuchi

FILED & ENTERED
26th CIRCUIT COURT
JUN 0 9 2016
Marquette County Clerk

---

KEITH W. DeFORGE (P76935)
PHILLIP B. TOUTANT (P72992)
Numinen, DeForge & Mathieu, P.C.
105 Meeske Ave.
Marquette, MI 49855
(906) 226-2580/FAX -2248

---

### PLAINTIFF'S COMPLAINT

There is no other pending or resolved civil action
arising out of the transaction or occurrence alleged
in the complaint.

Phillip B. Toutant (P72992)

NOW COMES Plaintiff MICHELLE KERBAN, by and through her attorneys, Numinen,

DeForge & Mathieu, P.C. and for Plaintiff's Complaint, states as follows:

## VENUE AND JURISDICTION

1.     The amount in controversy exceeds $25,000.00, exclusive of interest, costs and attorney fees, and is otherwise within the jurisdiction of this Court.

2.     Plaintiff Michelle Kerban is a resident of the State of Michigan, County of Houghton.

3.     The original injury occurred in the County of Marquette, State of Michigan.

4.     At all times relevant hereto, Defendant Kohl's Department Stores, Inc. ("**Kohl's**") was a foreign profit corporation with registered offices in the City of Kalamazoo, County of Kalamazoo, State of Michigan, conducting business in the County of Marquette, City of Marquette, State of Michigan.

5.     At all times relevant hereto, Defendant D.H. Pace Company, Inc. ("**D.H. Pace**") was a foreign profit corporation with registered offices in the City of East Lansing, County of Ingham, State of Michigan, conducting business in the City of Marquette, County of Marquette, State of Michigan.

6.     Because the original injury occurred in the County of Marquette and the Defendants were conducting business in the County of Marquette, venue is proper in the County of Marquette, State of Michigan. See MCL 600.1629(1)(a)(i).

## GENERAL ALLEGATIONS

7.     Plaintiff repeats and re-alleges each and every allegation set forth above as if set forth fully herein.

8.     The south entrance to the Marquette Kohl's department store has two banks of four doors, separated by a vestibule.

2

9.     In both banks of doors, the far left and right doors are equipped with a push-button opener for handicapped use. When the button is pushed, the door automatically opens. After a period of time, the door automatically closes.

10.    D.H. Pace is the company responsible for installing and maintaining the doors on Kohl's premises in Marquette, Michigan.

11.    On or about December 22, 2015, Ms. Kerban and a friend went to shop at the Kohl's department store in Marquette.

12.    On or about December 22, 2015, Ms. Kerban was on Kohl's premises as a business invitee.

13.    On or about December 22, 2015, Kohl's premises were held open to Ms. Kerban and others for a commercial purpose and/or pecuniary gain.

14.    Ms. Kerban and her friend parked their car and approached the south entrance to the Kohl's department store. They walked to the far left doors.

15.    At the outer door, Ms. Kerban's friend opened the door for Ms. Kerban, who walked through. The inner door was already in the open position.

16.    As Ms. Kerban walked past the inner door, it rapidly started to close, striking her in the back and causing her to fall, violently striking her head on the ground.

17.    The handicapped door that struck Ms. Kerban was an unreasonably dangerous condition on Kohl's premises.

18.    Kohl's knew, or should have known, about the unreasonably dangerous condition referenced above on its premises.

3

19.     Ms. Kerban was unaware of the unreasonably dangerous condition of Kohl's handicapped doors.

20.     There were special aspects of Kohl's handicapped doors that made the doors unreasonably dangerous to invitees, such as Ms. Kerban.

21.     An average person of ordinary intelligence would not discover the unreasonably dangerous condition of Kohl's handicapped doors.

22.     When Ms. Kerban fell, she struck her head on a hard floor, suffering significant injuries, including, but not limited to, concussion, subarachnoid hemorrhage, contusions, subdural hematoma, bleeding, repeated seizures and other *sequelae*.

## COUNT I – PREMISES LIABILITY AS TO KOHL'S

23.     Plaintiff repeats and re-alleges each and every allegation set forth above as if set forth fully herein.

24.     At all times relevant hereto, when presented with an invitee like Ms. Kerban, Kohl's had a duty to use reasonable care to protect invitees from unreasonable risks of harm posed by dangerous conditions on its premises, including, but not limited to, timely and properly doing the following:

   a.     Inspect its handicapped doors to ensure appropriate and safe operation;

   b.     Timely and regularly maintain its handicapped doors to ensure appropriate and safe operation;

   c.     Equip its handicapped doors with sensors so as to prevent such doors from striking individuals like Ms. Kerban when walking through;

4

d.      Ensure that its handicapped doors were in compliance with current industry standards;

e.      Refrain from having malfunctioning, unreasonably dangerous handicapped doors that close on individuals like Ms. Kerban;

f.      Warn invitees about the handicapped doors, including, but not limited to the fact that the handicapped doors can close automatically, rapidly and/or unexpectedly;

g.      Undertake reasonable precautions to prevent invitees from being injured by its handicapped doors;

h.      Select, employ, train and monitor its employees, servants, agents, ostensible agents and staff to ensure appropriate and safe premises, including its doors and handicapped doors; and

i.      Any and all acts of negligence identified through the discovery process.

25.      Kohl's did none of these things, and such acts or omissions constitute negligence for which Kohl's is directly liable to Ms. Kerban.

26.      As the direct and proximate result of the above violations in the applicable standard of care, Ms. Kerban fell, suffering a severe head injury and other *sequelae*.

27.      As a further consequence of Kohl's negligence, Ms. Kerban required various medical, prescriptive, psychological, nursing and hospital expenses, pain, suffering, emotional distress, humiliation, fright, depression, loss of enjoyment of life and other damages, all of which are past, present and future. Ms. Kerban further claims all elements of damages permitted under Michigan's statutory and common law, whether known now or whether becoming known during the pendency of this case.

WHEREFORE, Plaintiff Michelle Kerban asks for a judgment in an amount to be determined by a jury in this matter in an amount greater than Twenty-Five Thousand Dollars ($25,000.00), exclusive of interest, costs and attorney fees.

## COUNT II – NEGLIGENCE AS TO D.H. PACE

28.    Plaintiff repeats and re-alleges each and every allegation set forth above as if set forth fully herein.

29.    At all times relevant hereto, D.H. Pace had a duty to use reasonable care to Ms. Kerban, including, but not limited to, timely and properly doing the following:

    a.    Maintain and repair the handicapped doors on Kohl's premises so as to prevent injury to Kohl's invitees, like Ms. Kerban;

    b.    Replace handicapped doors on Kohl's premises to keep them in compliance with industry standards;

    c.    Ensure appropriate safety warnings and signage are placed on handicapped doors on Kohl's premises so as to prevent injury to Kohl's invitees like Ms. Kerban;

    d.    Select, employ, train and monitor its employees, servants, agents, ostensible agents and staff to ensure appropriate and safe installation and maintenance of doors, including the at-issue handicapped doors; and

    e.    Any and all acts of negligence identified through the discovery process.

30.    D.H. Pace did none of these things, and such acts or omissions constitute negligence for which D.H. Pace is directly liable to Ms. Kerban.

31.    As the direct and proximate result of the above violations in the applicable standard of care, Ms. Kerban fell, suffering a severe head injury and other *sequelae*.

6

32.     As a further consequence of D.H. Pace's negligence, Ms. Kerban required various medical, prescriptive, psychological, nursing and hospital expenses, pain, suffering, emotional distress, humiliation, fright, depression, loss of enjoyment of life and other damages, all of which are past, present and future. Ms. Kerban further claims all elements of damages permitted under Michigan's statutory and common law, whether known now or whether becoming known during the pendency of this case.

WHEREFORE, Plaintiff Michelle Kerban asks for a judgment in an amount to be determined by a jury in this matter in an amount greater than Twenty-Five Thousand Dollars ($25,000.00), exclusive of interest, costs and attorney fees.

Respectfully submitted,

**Numinen, DeForge & Mathieu, P.C.**

Dated: June 8, 2016

Keith W. DeForge (P76935)
Phillip B. Toutant (P72992)
Numinen, DeForge & Mathieu, P.C.
105 Meeske Ave.
Marquette, MI 49855
(906) 226-2580/FAX -2248

7

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF MARQUETTE

MICHELLE KERBAN,

        Plaintiff,

    v.

KOHL'S DEPARTMENT STORES, INC.
and D.H. PACE COMPANY, INC.,
Jointly and Severally,

        Defendants.

Case No. 16-      -NO
Hon. Jennifer A. Mazzuchi

FILED & ENTERED
25th CIRCUIT COURT

JUN 0 0 2016

Marquette County Clerk

_____/

KEITH W. DeFORGE (P76935)
PHILLIP B. TOUTANT (P72992)
Numinen, DeForge & Mathieu, P.C.
105 Meeske Ave.
Marquette, MI 49855
(906) 226-2580/FAX -2248
_____/

## DEMAND FOR JURY TRIAL

    NOW COMES Plaintiff MICHELLE KERBAN, by and through her attorneys, Numinen,

DeForge & Mathieu, P.C. and hereby demands a jury trial in the above-captioned matter.

Respectfully submitted,

**Numinen, DeForge & Mathieu, P.C.**

Dated: June 8, 2016

Keith W. DeForge (P76935)
Phillip B. Toutant (P72992)
Numinen, DeForge & Mathieu, P.C.
105 Meeske Ave.
Marquette, MI 49855
(906) 226-2580/FAX -2248

2

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF MARQUETTE

MICHELLE KERBAN,

          Plaintiff,                              Case No. 16-        -NO
                                                  Hon. Jennifer A. Mazzuchi
     v.

KOHL'S DEPARTMENT STORES, INC.
and D.H. PACE COMPANY, INC.,
Jointly and Severally,

          Defendants.
_____/

KEITH W. DeFORGE (P76935)
PHILLIP B. TOUTANT (P72992)
Numinen, DeForge & Mathieu, P.C.
105 Meeske Ave.
Marquette, MI 49855
(906) 226-2580/FAX -2248
_____/

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT KOHL'S DEPARTMENT STORES, INC.

NOW COMES Plaintiff MICHELLE KERBAN, by and through her attorneys, Numinen,

DeForge & Mathieu, P.C. and for her First Requests to Production of Documents Directed to

Defendant Kohl's Department Stores, Inc. ("**Kohl's**"), states the following:

### INSTRUCTIONS

Plaintiff requests, pursuant to MCR 2.302 and 2.310, that Kohl's produce for inspection

and copying twenty-eight (28) days after service hereof the materials requested herein.

For each document Kohl's claims is privileged and/or not in its possession or control,

please state:

(1)     The identity of the person, firm, association or governmental unit which has possession or control of each such document;

(2)     The date such document was prepared;

(3)     The name, address and telephone number of the person(s) signing and/or preparing each such document;

(4)     The name, address and telephone number of the person(s) to whom the document was addressed and the name, address and telephone number of the person(s) to whom such document was given or sent; and

(5)     The specific ground for the claim of privilege, if any.

These discovery requests are deemed continuing and Kohl's answers and responses must be supplemented in a timely manner pursuant to MCR 2.302(E).

## DEFINITIONS

The following definitions apply to all discovery requests set forth below unless otherwise indicated:

(1)     The terms "**Defendant**", "**You**", "**Your**" and "**Yourself**" refer to Kohl's, unless other individuals related to the above-captioned matter are specifically referenced.

(2)     "**Document**" means any written, typed, printed, recorded or graphic matter of any kind, however produced or reproduced, and whether originals or copies, including, but not limited to, letters, contracts, memoranda, reports, books, manuals, instructions, confirmations, telegrams, invoices, receipts, appraisals, pamphlets, magazines, newspapers, interoffice and intra-office communications, notations of any kind of conversations, telephone calls, meetings or

2

other communications, bulletins, printed matter, computer printouts, teletypes, facsimiles,

transcripts, diaries, analyses, returns, summaries, minutes, bills, accounts, estimates, projections,

comparisons, messages, correspondence, press releases, circulars, financial statements, reviews,

opinions, offers, studies and investigations, questionnaires, surveys, brochures, provider

directories, calendars, statements, announcements, work sheets (and all drafts, preliminary

versions, alternatives, modifications, revisions, changes and amendments to same), graphic or

oral records (including, but not limited to, photographs, charts, graphs, microfiche, microfilm,

videotape, digital video recording, other recordings and motion pictures), electronic and

mechanical records of any kind (including, but not limited to, electronic mail and other

computerized data, tapes, cassettes, discs and recordings) and any other written, printed, typed

or graphic information that is fixed, or capable of being fixed, in a tangible medium of expression

even if you do not have custody, control or possession of the original.

(3)     "**Referring or Relating to**" means consisting of, containing, mentioning,

suggesting, reflecting, concerning, analyzing, discussing, involving, dealing with, emanating

from, directed at, pertaining to in any way with the matter discussed.

**NOTE:** The use of the singular form of any word (including the above-defined terms)

includes the plural and vice versa.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     Please produce any and all maintenance records/Documents for the doors

capable of being used by customers at Your location in Marquette from January 1, 2005 to

present.

**Response:**

2. Please produce all Documents Referring or Relating to the installation of the exterior Doors at Your location in Marquette, Michigan.

**RESPONSE:**

3. Please produce any and all policies, procedures or similar Documents Referring or Relating to any and all doors in areas where customers have access from January 1, 2005 to present.

**RESPONSE:**

4. Please produce any and all incident reports or similar Documents Referring or Relating to Michelle Kerban and the facts alleged in Plaintiff's Complaint.

**RESPONSE:**

5. Please produce any and all security camera footage and/or other photographic, videographic or otherwise recorded media pertaining to the facts set forth in Plaintiff's Complaint.

**RESPONSE:**

6. Please produce any and all video or photographic footage of Your parking lot in Marquette, Michigan from December 22, 2015.

**RESPONSE:**

7. Please produce any and all maintenance or inspection logs or similar Documents Referring or Relating to door maintenance for all doors in areas where customers have access at Your location in Marquette, Michigan from January 1, 2005 to present.

4

**RESPONSE:**

8.    Any and all handwritten or typed statements in Your possession Referring or

Relating to the facts set forth in Plaintiff's Complaint.

**RESPONSE:**

9.    Any and all incident reports or similar documents Referring or Relating to

customer or injuries involving doors from January 1, 2005 to present at any and all of Your

locations.

**RESPONSE:**


Respectfully submitted,

**Numinen, DeForge & Mathieu, P.C.**

Dated: June 8, 2016

Keith W. DeForge (P76935)
Phillip B. Toutant (P72992)
Numinen, DeForge & Mathieu, P.C.
105 Meeske Ave.
Marquette, MI 49855
(906) 226-2580/FAX -2248

5

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF MARQUETTE

MICHELLE KERBAN,

      Plaintiff,

                                      Hon. Jennifer A. Mazzuchi

v.                                    Case No.: 16-54662-NO

KOHL'S DEPARTMENT STORES, INC.
and D.H. PACE COMPANY, INC.,
Jointly and Severally,

      Defendants.

---

| | |
|---|---|
| Keith W. DeForge (P76935)<br>Phillip B. Toutant (P72992)<br>NUMINEN, DEFORGE & MATHIEU, P.C.<br>105 Meeske Ave.<br>Marquette, MI 49855<br>(906) 226-2580<br>(906) 226-2248<br>keith@numinenlaw.com<br>phillip@numinenlaw.com | Thomas G. Cardelli (P31728)<br>Michele B. Dunsky (P77700)<br>CARDELLI LANFEAR, P.C.<br>Attorney for Defendant D.H. Pace Co.<br>322 W. Lincoln Ave<br>Royal Oak, MI 48067<br>(248) 544-1100<br>(248) 544-1191 Fax<br>tcardelli@cardellilaw.com<br>mdunsky@cardellilaw.com |

---

**NOTICE OF FILING OF NOTICE OF REMOVAL**
**PURSUANT TO 28 USC 1441, 1446 AND FED. R. CIV. P. 81(c)**

To:    Court Clerk
       Counsel of Record

     PLEASE TAKE NOTICE that on July 18, 2016, Defendant D.H. Pace Company

Inc. filed a notice of removal of this action from the Marquette County Circuit Court to

the United States District Court for the Western District of Michigan.  (**Exhibit A**, Notice

of Removal).

PLEASE TAKE FURTHER NOTICE that pursuant to 28 U.S.C. § 1446(d), this Court shall proceed no further unless and until this action is remanded.

Respectfully Submitted:

By: /s/ Thomas G. Cardelli
Thomas G. Cardelli (P31728)
Michele B. Dunsky (P77700)
CARDELLI LANFEAR, P.C.
Attorney for Defendant
322 W. Lincoln
Royal Oak, MI 48067
(248) 544-1100

Date:  July 19, 2016

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISON

MICHELLE KERBAN,

      Plaintiff,

                                            Hon.

v.                                       Case No.:

KOHL'S DEPARTMENT STORES, INC.
and D.H. PACE COMPANY, INC.,
Jointly and Severally,

      Defendants.

---

Keith W. DeForge (P76935)
Phillip B. Toutant (P72992)
NUMINEN, DEFORGE & MATHIEU,
P.C.
105 Meeske Ave.
Marquette, MI 49855
(906) 226-2580 / (906) 226-2248
keith@numinenlaw.com
phillip@numinenlaw.com

Thomas G. Cardelli (P31728)
Michele B. Dunsky (P77700)
CARDELLI LANFEAR, P.C.
Attorney for Defendant D.H. Pace
322 W. Lincoln Ave
Royal Oak, MI 48067
(248) 544-1100 / (248) 544-1191 Fax
tcardelli@cardellilaw.com
mdunsky@cardellilaw.com

---

### <u>CERTIFICATE OF SERVICE</u>

      The undersigned certifies that a copy of the Notice of Removal Pursuant to 28 USA 1441, 1446 and Fed. R. Civ. P. 81 (c) and this Proof of Service were served upon the attorneys of record of all parties to the above cause by Emailing same to them at their respective business addresses as disclosed by the pleadings of record herein, with postage fully prepaid thereon on July 19, 2016. I declare under the penalty of perjury that the statement above is true to the best of my information, knowledge and belief.

                              _Julie Ann Green_
                              Julie Ann Green