UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

MICHELLE KERBAN,

    Plaintiff,

v.                                                                                          Case No. 2:16-CV-168

KOHL'S DEPARTMENT STORES, INC.,                   HON. GORDON J. QUIST
and D.H. PACE COMPANY, INC.,

    Defendants.
_____/

## MEMORANDUM

On December 22, 2016, Plaintiff, Michelle Kerban, fell in the entrance to a Kohl's department store. Plaintiff alleges that the fall was caused by a defective automatic door. Plaintiff has sued Kohl's under a premises liability theory, and has also sued D.H. Pace, a company hired by Kohl's to inspect and repair its automatic doors, under a negligence theory. Kohl's and Pace filed motions for summary judgment. The matter is fully briefed and ready for a decision.

### I. FACTS

Kohl's Department Stores, Inc. operates a chain of department stores. D.H. Pace is a business that services automatic doors at Kohl's. Pace's agreement with Kohl's calls for Pace's subcontractor, Entrance Technologies, LLC, to inspect Kohl's doors once per year, perform repairs during the inspection if needed, and respond to any service calls Kohl's may have. (See ECF No. 18-6.) Before Plaintiff's fall, Pace's subcontractor had last inspected Kohl's doors on March 17, 2015, and found the door to be functioning properly and meeting safety standards. (ECF No. 18-7.)

The door at issue is a low-energy power door which opens automatically if it is either pushed or pulled, or when a pedestrian pushes the handicap-accessible button. The door closes using the force of spring tension rather than a motor. Once opened, the door will close and continue to close unless acted upon by a force of approximately 10 pounds or greater. Plaintiff noted that the door lacked the required signage for automatic doors under ANSI/BHMA A156.19-2013. (ECF No. 27 at PageID.360-61.)

On December 22, 2016, Plaintiff, who suffers from Lupus and has a balance problem, and her friend, Billie Bloomfield, went shopping at Kohl's department store. The particular store had two sets of doors at the entrance: an outer set and an inner set which, together, enclose a vestibule. As Plaintiff and Bloomfield approached the store entrance, Bloomfield opened the outer door, and Plaintiff walked into the vestibule on her way into the store. At approximately the same time, a customer walked out of the inner door on his way out of the store. The inner door stayed open briefly. Plaintiff attempted to walk through the inner door and into the store, but the inner door closed and struck her from behind. Plaintiff fell forward, injuring her head and causing a concussion.

## II. DISCUSSION

### A. Kohl's

Count I of the underlying complaint alleges that Kohl's breached a duty owed under the law of premises liability. Landowners do not have to protect invitees from open and obvious dangers, because "such dangers, by their nature, apprise an invitee of the potential hazard, which the invitee may then take reasonable measures to avoid." *Hoffner v. Lanctoe*, 492 Mich. 450, 460–461, 821 N.W.2d 88, 95 (2012). "Michigan caselaw does not support providing special protection to those invitees who have paid memberships or another existing relationship to the businesses or institutions

that they frequent above and beyond that owed to any other type of invitee." *Id*. at 470-71, 821 N.W.2d at 100.

"Whether a danger is open and obvious depends on whether it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Hoffner*, 492 Mich. at 461, 821 N.W.2d at 94–95. "This is an *objective standard*, calling for an examination of the 'objective nature of the condition of the premises at issue.'" *Id*. at 561, 821 N.W. 2d at 95 (quoting *Lugo* 464 Mich. at 523–24, 629 N.W.2d at 390). An "open and obvious hazard [can] give rise to liability… when the danger is *effectively unavoidable*." *Id.* at 463, 821 N.W. 2d at 96. "[T]he standard for 'effective unavoidability' is that a person, for all practical purposes, must be required or compelled to confront a dangerous hazard." *Id*. at 468–469, 821 N.W. 2d at 99.

### *1. Open and Obvious*

Kohl's argues that the hazard was open and obvious because this type of door is widely-used, Plaintiff herself had used these doors on a number of occasions, and "all hinged doors close and open." (ECF No. 40 at PageID.638.) The "test for an open and obvious danger focuses on the inquiry: Would an average person of ordinary intelligence discover the danger and the risk it presented on casual inspection?" *Price v. Kroger Corp. of Mich*., 284 Mich. App. 496, 501, 773 N.W.2d 739, 742 (2009). After a "casual inspection," an overage person of ordinary intelligence would see that this particular door begins to close after being opened. The door was an open and obvious condition. *See, e.g., Wilcox v. Bernelis*, No. 330011, 2017 WL 187977, at *1 (Mich. Ct. App. Jan. 17, 2017) (holding that the hazard caused by a pneumatic door closer was open and obvious because nothing would prevent an average person from seeing the closer, and that "person could determine that when force is removed (as in a person letting go), the closer would operate to close the door, possibly very quickly.")

### 2. *Special Aspects*

Plaintiff further argues that "[o]nce [she] crossed the threshold of the seemingly-safe path of the door, avoiding the hazard was effectively unavoidable." (ECF No. 34 at PageID.535.) *Hoffner* teaches otherwise. There, the court held that ice in front of the entrance to a fitness center was not effectively unavoidable because the plaintiff-customer chose to enter the defendant's business in the first place. *Hoffner*, 492 Mich. at 469. 821 N.W. 2d at 99 ("situations in which a person has a choice whether to confront a hazard cannot truly be unavoidable, or even effectively so"). Similarly, Plaintiff chose to go to Kohl's and chose to enter through a door which was already opened by another customer. Or, Plaintiff could have pushed to door open herself or asked Bloomfield to do so. The door was not effectively unavoidable.

## B.  D.H. Pace

Count II of the complaint alleges ordinary negligence, claiming that Pace was negligent in maintaining and inspecting the door. (ECF No. 1 at PageID.14.) Pace argues that that this claim should be judged solely based on the rules of premises liability and that Count II should be dismissed because Pace was not an owner, possessor, or occupier of the property. (ECF No. 18 at PageID.161.)

### 1. *Premises Liability vs. Negligence*

An action in premises liability "does not preclude a separate claim grounded on an independent theory of liability based on the defendant's conduct." *Laier v. Kitchen*, 266 Mich. App. 482, 493; 702 N.W. 2d 199, 208 (2005). This distinction is not always easy to draw, but if "a plaintiff's injury arises from an allegedly dangerous condition on the land, the action sounds in premises liability rather than ordinary negligence, even when the plaintiff alleges that the premises possessor created the condition giving rise to the plaintiffs [sic] injury." *Compau v. Pioneer Res.*

*Co.*, 498 Mich. 928, 871 N.W.2d 210 (2015), *reconsideration denied*, 499 Mich. 872, 875 N.W.2d 198, (2016) (citing *Buhalis v. Trinity Continuing Care Servs.*, 296 Mich. App. 685, 692, 822 N.W.2d 254, 258 (2012). Negligence claims are appropriate when "the landowner took an affirmative negligent action," separate and apart from maintaining allegedly dangerous property. *Holcomb v. GWT, Inc.*, No. 325410, 2016 WL 805635, at *3 (Mich. Ct. App. Mar. 1, 2016), appeal denied, 500 Mich. 866, 885 N.W.2d 254 (2016).

Here, Plaintiff is claiming little more than a dangerous condition on the property: an automatic door that was in some way unreasonably dangerous or defective. The action sounds in premises liability. *See, e.g., England v. Meijer, Inc.*, No. 322065, 2015 WL 6161735, at *1 (Mich. Ct. App. Oct. 20, 2015) (holding that action was one of premises liability where plaintiff slipped on a puddle of laundry detergent that had not been cleaned by defendant's employees; plaintiff's claim that defendant was negligent for simply allowing the puddle to exist in the first place did not constitute a separate negligent act).

### 2. *Dominion and Control*

Pace argues that this is it should be dismissed from this case because it was not a possessor of the land. In Michigan, "premises liability is conditioned upon the presence of both possession and control over the land because the person having such possession and control is normally best able to prevent harm to others." *Derbabian v. S & C Snowplowing, Inc.*, 249 Mich. App. 695, 705, 644 N.W.2d 779, 784 (2002) (internal quotation marks omitted). The plaintiff in *Derbabian* slipped on ice in the parking lot of a grocery store. The store owner had hired a contractor to clear snow and ice from the parking lot. The plaintiff sued the contractor. The Michigan Court of Appeals held that the contractor "did not exercise the requisite dominion and control over the property" because "(1) nothing in the contract granted [the contractor] 'exclusive authority' over the parking lot, (2) [the

contractor] did not have actual possession over the parking lot at the time of plaintiff's fall, and (3) [the store was] in the best position to avoid plaintiff's injury." *Id*. at 705–06, 644 N.W.2d at 784.

This instant case is analogous. Nothing in the contract provided Pace with exclusive authority over this particular door, Pace was not in actual possession of any of the property, and Pace was not in the best position to avoid the injury. The claim against Pace will be dismissed.

### III.  CONCLUSION

The claim against Kohl's will be denied because the hazard created by the door was open and obvious and not effectively unavoidable. The claim against Pace will be denied because this action sounds in premises liability, rather than negligence, and Pace was not an owner or possessor of the property.

A separate order will enter.


Dated:  March 14, 2017                             /s/ Gordon J. Quist
                                                              GORDON J. QUIST
                                                              UNITED STATES DISTRICT JUDGE